■ JACKSON SAVAGE et al., Appellants, and TRANSAMERICAN FREIGHT LINES, INC., Respondent, v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Appellant-Respondent, et al., Defendant.— In an action for a declaratory judgment *inter alia* with respect to a motor vehicle liability insurance policy issued by defendant American Mutual Liability Insurance Company, (1) said defendant appeals from so much of a judgment of the Supreme Court, Nassau County, dated June 24, 1970 and made after a nonjury trial, as declared that plaintiffs are insureds under the policy, that plaintiff Transamerican Freight Lines, Inc., is within the coverage of the policy, that said defendant is obligated to defend and make payment (within the policy limits) for said plaintiff as a defendant in a certain action pending in the Supreme Court, Kings County, and that said plaintiff is not obligated (as a self-insurer) to defend or make payment for plaintiffs Savage and Watts as codefendants in said action; and (2) plaintiffs Savage and Watts cross-appeal, as limited by their brief, from so much of the judgment as dismissed the complaint insofar as it was by them against said defendant and did not make a declaration in their favor

against said defendant. Judgment affirmed insofar as appealed from, without costs. No opinion. Hopkins, Munder and Brennan, JJ., concur; Gulotta, J., concurs in the affirmance insofar as the judgment is in favor of plaintiff Transamerican Freight Lines, Inc., but otherwise dissents and votes to reverse the judgment insofar as appealed from by plaintiffs Savage and Watts and to grant a new trial to plaintiffs Savage and Watts as against defendant American Mutual Liability Insurance Company, with the following memorandum, in which Rabin, P. J., concurs: This appeal involves the timeliness of a notice of accident given to an insurance carrier by plaintiffs Savage and Watts, nonpolicyholders, who were nevertheless insureds by virtue of the omnibus clause in the policy carried by PAL Trucking Co., Inc., the firm which had hired them. Plaintiff Watts was the owner and plaintiff Savage was the driver of a tractor hired by PAL to haul trailers owned by plaintiff Transamerican Freight Lines, Inc. An accident involving the tractor-trailer occurred on April 9, 1965. It was reported immediately by Watts to Cosmopolitan Mutual Insurance Company, his own carrier. He did not report it to defendant American Mutual Liability Insurance Company, the carrier for PAL, because he did not know that its policy covered not only owned automobiles, but *hired* vehicles as well. About two years after the accident, on June 26, 1967, Cosmopolitan called on American Mutual to provide concurrent coverage. Later, in September, 1967, Transamerican learned of the accident for the first time by reason of being added to the pending law suit against Watts and notified American Mutual immediately that it was calling upon it for a defense, since it was a coinsured under the PAL policy. American Mutual has taken on the defense of Transamerican, but has refused to participate in the defense of Watts and Savage on the ground of late notice. This action for a declaratory judgment resulted. The trial record is in a confused state, consisting in large part of colloquy between the trial court and the four counsel, with a good deal of interruption, so that it became most difficult to complete a coherent statement. From Watts' conduct with respect to Cosmopolitan it seems fairly clear that he knew nothing of the American Mutual coverage until after he learned of it from his own company; and by that time American Mutual had been given notice. However, this seems to have been taken for granted at the trial rather than made the subject of a direct question. Of course it does not appear affirmatively either that he had knowledge. Yet the entire decision below rests on this oversight, since obviously the duty, under the terms of the subject insurance policy, to give a notice " as soon as practicable," as applied to a nonpolicyholder, must be qualified by knowledge that there is a policy (*Moore* v. *Fidelity & Cas. Co. of N. Y.*, 24 N Y 2d 882, revg. 30 A D 2d 560 [on opinion of Special Term, 59 Misc 2d 1012]). We may infer that Cosmopolitan was dilatory, but Watts and Savage cannot be held responsible for that. I would not allow the appeal to turn on this technical deficiency and would remand the case for further proof on the specific issue of when Watts and Savage first learned of the existence and coverage of the American Mutual policy. Accordingly, I dissent from so much of the affirmance of the judgment as held Watts and Savage to be assureds but denied them the benefits of the PAL policy.